# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2016

Lyle W. Cayce
Clerk

————

No. 15-50953

————

AIG SPECIALTY INSURANCE COMPANY, formerly known as Chartis Specialty Insurance Company,

Plaintiff - Appellee

v.

TESORO CORPORATION,

Defendant - Appellant

_____

TESORO CORPORATION, a Delaware Corporation; TESORO REFINING AND MARKETING COMPANY, L.L.C.,

Plaintiffs - Appellants

v.

AIG SPECIALTY INSURANCE COMPANY, formerly known as Chartis Specialty Insurance Company,

Defendant - Appellee

————

Appeal from the United States District Court
for the Western District of Texas

————

ON PETITION FOR PANEL REHEARING

Before SMITH, HAYNES, and COSTA, Circuit Judges.

ORDER:

The petition for panel rehearing filed by Tesoro Corporation and Tesoro Refining and Marketing (collectively, "the Tesoro Parties") is DENIED. Furthermore, the Tesoro Parties' belated request that this court certify the question of how the discovery rule applies in light of *Cosgrove v. Cade*, 468 S.W.3d 32 (Tex. 2015), to the Texas Supreme Court is also DENIED.

The opinion in this case follows clear Texas precedent. However, even if we were to assume arguendo that the discovery rule could apply to a case such as this, the Tesoro Parties fail to point to evidence that would support a conclusion that, exercising diligence, they should not have discovered their claimed injury before August of 2008 (four years before they asserted the reformation claim and six years after they received the allegedly mistaken policy). *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013)(explaining discovery rule).[1]   Indeed, the Tesoro Parties' real argument is that they *did not* discover the alleged mistake not that they *could or should not have discovered* it had they exercised reasonable diligence. Clearly, any diligence at all would have revealed the alleged mistake, which is obvious in the listing of Tesoro Corporation as named insured and the definition of "Insured" in the policy. Certainly at some point in the six years

---

[1]  The Tesoro Parties' argument on diligence is as follows:  "The proper inquiry for the district court was to consider when, through the exercise of reasonable diligence, the Tesoro parties ought to have realized the error in the Chartis policy.  And on this point, Chartis's own behavior demonstrated the existence of a material fact issue.  If the district court's conclusion were an accurate generalization of what any reasonably prudent corporation might have done—to 'examine the Policy and the scope of coverage' in the dispute—Chartis would have presumably realized, and asserted, the defense that Tesoro Refining is not an insured party when Tesoro Refining first notified Chartis of a potential claim."

between receipt of the policy in 2002 and August 2008, during several years of ongoing litigation where the policy was front and center, someone could and should have looked at the policy.[2]  Thus, the issue is not "determinative." TEX. R. APP. PRO. 58.1

---

[2]  While the Tesoro Parties argue that diligence is usually a fact question, they point to no evidence about their own conduct that would raise such a fact issue.  *See In re Placid Oil Co.,* 932 F.2d 394, 398–99 (5th Cir. 1991) ("Even if PGI had no inkling that its rights were being invaded, it was in a circumstance in which a reasonable person would have investigated the situation.").